NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————————

No. 17-2833

———————————

UNITED STATES OF AMERICA

v.

LEROY FRAZIER,

Appellant

———————————

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal Action No. 2-16-cr-00355-001)
District Judge: Honorable Mark A. Kearney

———————————

Submitted Under Third Circuit L.A.R. 34.1(a)
September 28, 2018

Before: AMBRO, CHAGARES, and GREENAWAY, JR., Circuit Judges

(Opinion filed: October 1, 2018)

———————————

OPINION*

———————————

AMBRO, Circuit Judge

Undercover police officers observed Leroy Frazier engage in three drug

transactions. He removed what appeared to be a firearm from his waistband and placed it

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

under the hood of his car. As he drove away, the undercover officers relayed their observations to backup officers, who arrived soon after and stopped Frazier in his vehicle. When the officers approached, Frazier refused to leave the car and resisted the officers' attempts to extract him. Eventually, the officers removed him from the vehicle and arrested him. The officers, believing the car contained contraband, searched it and found a firearm under the hood and crack cocaine in the passenger compartment.

Before his trial, Frazier moved to suppress the firearm and the cocaine, arguing the police did not have probable cause to search his car. The District Court denied the motion. A jury convicted him of possession of a firearm by a felon in violation of 18 U.S.C. § 922(g)(1).

He has appealed the Court's denial of his motion to suppress, arguing that the police lacked both reasonable suspicion to detain him and probable cause to arrest him and search his car. The District Court had jurisdiction under 18 U.S.C. § 3231, and we have jurisdiction under 28 U.S.C. § 1291. We review the Court's factual findings for clear error and its conclusions of law *de novo*. *See United States v. Pierce*, 622 F.3d 209, 210 (3d Cir. 2010).

The Court correctly concluded the officers had reasonable suspicion to detain Frazier. "[A]n officer may, consistent with the Fourth Amendment, conduct a brief, investigatory stop when the officer has a reasonable, articulable suspicion that criminal activity is afoot." *Illinois v. Wardlow*, 528 U.S. 119, 123 (2000) (citing *Terry v. Ohio*, 392 U.S. 1, 30 (1968)). To establish reasonable suspicion, "[an] officer must be able to articulate more than an 'inchoate and unparticularized suspicion or "hunch"' of criminal

2

activity." *Id.* at 123–24 (quoting *Terry*, 392 U.S. at 27). Here, the officers observed Frazier participate in three drug transactions and place what appeared to be a firearm under the hood of his car. Taken together, these observations support a finding of reasonable suspicion.

Combined with Frazier's refusal to leave the car, they also established the probable cause necessary to search the vehicle. "[A] search is not unreasonable if based on facts that would justify the issuance of a warrant, even though a warrant has not actually been obtained." *United States v. Ross*, 456 U.S. 798, 809 (1982). Because the officers developed probable cause to believe contraband was in Frazier's car, the automobile exception to the Fourth Amendment applies. *See Pennsylvania v. Labron*, 518 U.S. 938, 940 (1996) (*per curiam*). Alternatively, the search was also incident to Frazier's arrest because the officers reasonably believed the car contained evidence of a drug-trafficking or firearm offense. *See Arizona v. Gant*, 556 U.S. 332, 347 (2009) ("If there is probable cause to believe a vehicle contains evidence of criminal activity, [officers may search] any area of the vehicle in which the evidence might be found."). Accordingly, the officers had probable cause to search Frazier's car.

Thus we affirm.